# Order

Michigan Supreme Court
Lansing, Michigan

February 4, 2009

137725(30)(38)

ANGLERS OF THE AUSABLE, INC.,
MAYER FAMILY INVESTMENTS, LLC,
and NANCY A. FORCIER TRUST,
        Plaintiffs-Appellees,

v

DEPARTMENT OF ENVIRONMENTAL
QUALITY,
        Defendant-Appellee,

and

MERIT ENERGY COMPANY,
        Defendant-Appellant.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 137725
COA: 284315
Otsego CC: 07-012072-AA

On order of the Court, the motion for immediate consideration is GRANTED. The motion for reconsideration of this Court's December 11, 2008 order is considered, and it is GRANTED. We VACATE our order dated December 11, 2008. On reconsideration, the application for leave to appeal the September 24, 2008 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J. (*dissenting*).

I dissent from the Court's order granting plaintiffs' motion for reconsideration, vacating our earlier remand order, *Anglers of the AuSable, Inc v Dep't of Environmental Quality,* 482 Mich 1078 (2008), and denying leave to appeal. I continue to believe that our order remanding to the Court of Appeals for consideration as on leave granted was correctly entered.

In 2004, defendant Merit Energy purchased a central production facility in Otsego County, Michigan, known as the Hayes 22 CPF, from Shell Oil & Gas Company. Several crude oil and brine spills over the past decades have contaminated the

groundwater beneath the facility with hydrocarbons. The contamination now forms a large plume that has contaminated two residential drinking wells and continues to spread. As part of its purchase of the facility, Merit entered into a settlement agreement with the Michigan Department of Environmental Quality (MDEQ), under which Merit agreed to treat the contaminated groundwater. Merit then hired Gosling Czubak Engineering, which assessed the extent of the contamination and designed a remediation plan. Merit sought and obtained the permits necessary to carry out the remediation plan, including a certificate of coverage (COC) from the MDEQ, which permitted Merit to discharge the treated water into bodies of water connected to the AuSable River, as contemplated by the remediation plan. The MDEQ issued the COC under the auspices of a general permit, the "applicability" of which was "limited to discharges of wastewater contaminated by gasoline and/or related petroleum products" that met additional criteria specified in the general permit. On appeal from an administrative decision, the trial court reversed and effectively vacated the COC. It reasoned that the COC exceeded the scope of the general permit because it allowed Merit to discharge treated water containing chloride. The Court of Appeals denied Merit's delayed application for leave to appeal.

The trial court erred by vacating the COC on the ground that it exceeded the scope of the general permit. The administrative law judge pointed out in his opinion and order, which decided plaintiffs' administrative challenge to the COC in favor of Merit and the MDEQ, that the amount of chloride discharged into the bodies of water would be significantly less than the amount of chloride in drinking water! Thus, the chloride is apparently not a "contaminant" requiring treatment under the applicable statutory standard. In addition, the trial court ruled in plaintiffs' favor in their separate civil action under the Michigan Environmental Protection Act (MEPA), MCL 324.1701 *et seq*. Appeals of that ruling are pending before the Court of Appeals, and it appears that the trial court relied to a significant extent on its findings in the MEPA action in deciding the administrative appeal. In order to insure consistency in the outcomes of the administrative and civil actions, the trial court's rulings in both cases should be submitted to the same panel of the Court of Appeals.

Additionally, the trial court appears to have invalidated the COC without fully addressing the MEPA provision that allows a court to review an administrative action for a MEPA violation. This provision states:

> In administrative, licensing, or other proceedings, and in any judicial review of such a proceeding, the alleged pollution, impairment, or destruction of the air, water, or other natural resources, or the public trust in these resources, shall be determined, and conduct shall not be authorized or approved that has or is likely to have such an effect if there is a feasible and

prudent alternative consistent with the reasonable requirements of the public health, safety, and welfare. [MCL 324.1705(2).]

The trial court thoroughly analyzed the "alleged pollution, impairment, or destruction" caused by the conduct authorized by the COC. Yet it failed to consider whether a "feasible and prudent alternative" existed. The administrative law judge never reviewed the permit issuance under MCL 324.1705(2), so the court based its finding that the COC impermissibly conflicted with MEPA on evidence presented in the separate MEPA civil suit. The use of this evidence is troubling because no evidence regarding a "feasible and prudent alternative" (or lack thereof) was presented, or even relevant, in the civil suit. MCL 324.1701, under which plaintiffs brought the civil suit, does not condition relief upon a lack of alternatives. Thus, I do not believe the court's use of evidence from the civil trial provided it with a sufficient basis for reaching its decision under MCL 324.1705(2). The Court of Appeals should also address this issue to insure that MCL 324.1705 is properly followed.

Accordingly, I continue to favor a remand to the Court of Appeals as on leave granted. I would deny plaintiffs' motion for reconsideration.

YOUNG and MARKMAN, JJ., join the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 4, 2009

Clerk

d0128